UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLYN MILLER, )
)
        Plaintiff, )
)
vs. ) 09 C 760
)
EMPRESS CASINO JOLIET )
CORPORATION, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Empress Casino Joliet Corporation ("Empress") to dismiss the complaint of Plaintiff Carolyn Miller ("Miller") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). The court will consider the entire motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

## BACKGROUND

According to the allegations contained in the complaint, which we must accept as true for purposes of this motion, Empress employed Miller between August 23, 1999, and March 12, 2008. During the course of her employment, Empress promoted her based on merit. At the time of her termination, she had been elevated to the position of

security supervisor. Miller claims that her employer treated her less favorably than other similarly situated employees; she was often the target of offensive age-related remarks by fellow employees, which were regularly disregarded by Empress.

In January 2008, one of Miller's co-workers placed a mock certification with the bust of a German soldier on her work station. On January 29, Empress's Human Resource Director met with Miller and explained to her that Empress could terminate her for displaying the document at her work station and issued a written warning demanding the identity of the person who created the document. Miller denied having any involvement with the document's existence and contends that she does not know who created it.

On February 26, Miller removed a disruptive patron from Empress's premises. The patron struck Miller's chest and neck and was subsequently arrested and charged with criminal battery. During the course of the criminal investigation, Miller offered a witness statement to the police, which was used against the suspect. Empress conducted an internal investigation and concluded that Miller violated employee policy by deliberately omitting or falsifying information. Based on these findings, Empress terminated Miller; she was fifty-six years old.

Miller filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 10, 2008, alleging retaliation for engaging in a protected activity. On November 11, the EEOC issued Miller a right to sue letter. Miller filed the present

lawsuit claiming that Empress retaliated against her for refusing to conduct her own investigation as to who was responsible for placing the certification and bust on her work station in violation of 42 U.S.C. § 2000e-3. Moreover, she asserts that Empress discriminated against her on the basis of her age in contravention of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq*.

Empress filed the instant motion to dismiss on the basis that Miller's complaint fails to state a claim for retaliation pursuant to Fed. R. Civ. P. 12(b)(6) and that the court lacks subject matter jurisdiction on the age discrimination count under Fed. R. Civ. P. 12(b)(1).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand

the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). With these principles in mind, we turn to Empress's motion.

## DISCUSSION

### I. Age Discrimination Claim

Empress moves to dismiss Miller's age discrimination claim on the basis that the court lacks subject matter jurisdiction. However, the Seventh Circuit has held that a failure to exhaust administrative remedies should not be evaluated under Rule 12(b)(1) because it is not a jurisdictional issue. *Mosley v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006). Rather, the failure to exhaust administrative remedies is an affirmative defense and we will assess Miller's alleged failure under Rule 12(b)(6). *See Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000).

Empress asserts that Miller failed to include an age discrimination allegation in her EEOC charge. To bring an ADEA claim in federal court, a plaintiff must timely raise the issue in her EEOC charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). Miller does not resist Empress's contention and concedes her failure to do so in her response to Empress's motion. Since a plaintiff must file a charge with the EEOC before bringing the case in federal court and Miller does not oppose Empress's motion, we dismiss the age discrimination claim. *See Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003).

**II. Retaliation Claim**

Next, Empress asserts that the retaliation claim in Count I of Miller's complaint fails to state a cause of action under Rule 12(b)(6). To avoid a motion to dismiss, a plaintiff alleging retaliation must plead that she engaged in a protected activity and suffered a materially adverse action, and that the protected activity is causally connected to the adverse action. *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). A statutorily protected activity includes filing or participating in the filing of a charge or opposition to discrimination. 42 U.S.C. § 2000e-3.

Miller claims that the January 2008 investigation by Empress's Human Resources Director concerning the German soldier implied an intent to discriminate against Miller on the basis of her German descent. Moreover, Miller perceives that regardless of whether she opposed or supported such practice, her lack of participation in the underlying investigation is sufficient to constitute a statutorily protected activity. However, Empress contends that her retaliation claim fails as a matter of law because her refusal to assist in identifying the person who placed the document and German soldier at her work station does not qualify as a statutorily protected activity.

To satisfy the first element in a retaliation claim, a plaintiff must demonstrate that she filed a charge or opposed an unlawful practice under Title VII. *Speedy v. Rexnord Corp.*, 243 F.3d 397, 404 (7th Cir. 2001). For Miller's claim, however, the applicable clause is the participation clause, which prohibits retaliation against an employee for

participating in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). Miller asserts that her steadfast refusal to participate in an internal investigation to uncover the individual responsible for placing the documentation on her desk sufficiently pleads that she engaged in a statutorily protected activity under Title VII. The parties do not cite, nor has the Seventh Circuit addressed, whether a plaintiff can make out a prima facie retaliation claim by virtue of her lack of participation in an internal investigation. However, the Sixth Circuit has confronted this issue and decided that a plaintiff's refusal to participate is generally not a protected activity. *See Merkel v. Scovill, Inc.*, 787 F.2d 174, 180 (6th Cir. 1986) (holding that Title VII only protects "actual" participation) . Without any argument to the contrary, Miller's refusal to participate in the investigation is insufficient to create a claim against Empress for retaliation. Accordingly, the retaliation claim is dismissed for failing to state a cognizable claim.

## CONCLUSION

Based on the foregoing, Empress's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

                                      */s/ Charles P. Kocoras*
                                      Charles P. Kocoras
                                      United States District Judge

Dated:  May 27, 2009